UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 06/18/2015

---

CHARLES TONGE,

                Plaintiff,

v.

CORIZON HEALTH SERVICES, INC.
and THE CITY OF NEW YORK,

                Defendants.

No. 14-CV-3954 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Charles Tonge, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Defendants Corizon Health Services, Inc. ("Corizon")[1] and the City of New York (the "City"). Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they were deliberately indifferent to his serious medical needs by denying him treatment for a leg condition. Defendants now move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Plaintiff has failed to state a claim on which relief may be granted. For the reasons that follow, the Court agrees and, accordingly, Defendants' motion is GRANTED.

## BACKGROUND

    For purposes of this motion, the Court accepts as true all facts alleged by Plaintiff in his Complaint. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). In

---

[1] Plaintiff identified Defendant Corizon Health Services, Inc. simply as "Corizon" in his Complaint. The Clerk of Court is directed to amend the caption to indicate Defendant's full corporate name.

considering whether Plaintiff states a claim on which relief may be granted, the Court considers facts alleged in his Complaint and his subsequent letter submission to the Court.[2]

Plaintiff was incarcerated at Rikers Island in the custody of the City of New York at all times relevant to his Complaint. He alleges that while incarcerated he was denied a necessary surgical procedure for his leg. Specifically, Plaintiff alleges that "about four to five times a week" some of the "verticle [sic] veins [in his leg] pop[ped] and [bled]" while he was showering.[3] Compl. § II.D. The bleeding, he alleges, caused his legs to go numb and led to a great deal of discomfort, so much so that he was sometimes unable to walk. Plaintiff notified housing area officers when the bleeding occurred and they let him go to the facility's medical clinic. According to Plaintiff, the clinic staff told him that an appointment had been made for him to go to the hospital to have the necessary surgery. Plaintiff, however, was never taken to a hospital. He alleges that an appointment was made for him in September 2013 but that by March 2014 his surgery had not taken place. The clinic informed him that without the surgery one or both of his feet might need

---

[2] Generally, "[c]ourts in this Circuit have made clear that a plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 122–23 (S.D.N.Y. Jan. 26, 2010) (*citing Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)). Nevertheless, "the policy reasons favoring liberal construction of *pro se* complaints permit a court to consider allegations of a *pro se* plaintiff in opposition papers on a motion where ... those allegations are consistent with the complaint." *Rodriguez v. McGinnis*, 1 F. Supp. 2d 244, 246–47 (S.D.N.Y. 1998) (collecting cases); *see also Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (noting that although a court should generally refrain from considering matters outside the pleadings when reviewing a 12(b)(6) motion to dismiss, "[a] district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion").

[3] Plaintiff has also described his condition as "vectorial vein." *See* Pl.'s Letter dated March 25, 2015 at 1, Dkt. 36. The Court presumes that Plaintiff is referring to varicose veins and notes that, depending on the individual circumstances, courts have found that "[v]aricose veins may cause serious medical conditions, or they may not." *Peace v. Wexford Health Sources, Inc.*, No. 12-CV-9766, 2014 WL 7186680, at *5 (N.D. Ill. Dec. 11, 2014). *Compare Beshears v. Webster*, No. 09-CV-172 (WTL) (DKL), 2013 WL 1566558, at *3 (S.D. Ind. April 12, 2013) (noting that "[v]aricose veins are common, and not usually the sign of a serious medical issue") *with West v. Keve*, 541 F.Supp. 534, 540 (D. Del 1982) (finding 17-month delay in surgery for treatment of varicose veins causing pain supported claim for deliberate indifference). Although Defendants here have not contested that Plaintiff's condition is sufficiently serious to satisfy the objective prong of the test for deliberate indifference to a serious medical need as articulated in *Farmer v. Brennan*, 511 U.S. 825 (1994), *see* Def.'s Mem. at 6, the precise identification of Plaintiff's condition is unnecessary as the Court resolves this motion on the basis of Plaintiff's failure to adequately state a claim of municipal liability, as explained below.

to be amputated due to loss of blood. The clinic gave Plaintiff a cream to use on his legs, but Plaintiff alleges that it "seem[ed] not to work." *Id.* § III. He filed two administrative grievances but received no response before he was transferred to a new facility. *Id.* § IV.E.3.

Plaintiff, now incarcerated in Upstate Correctional Facility having been transferred from the City's custody to the State of New York's, brought this action on May 27, 2014. After service was ultimately effected in December 2014, on January 20, 2015, Defendants filed this motion to dismiss. At an initial conference held on January 30, 2015, the Court asked Plaintiff to clarify what form of relief he sought as his Complaint was silent on that issue. He indicated that he sought injunctive relief in the form of medical care. 01/30/2015 Tr. at 8, Dkt 31. In light of the fact that Plaintiff is no longer in the City's custody, the Court ordered a stay after the initial conference in order to afford the parties time to consider how best to proceed. That stay was eventually lifted and Defendants were subsequently granted leave to file a supplemental memorandum of law in support of their motion to dismiss on March 6, 2015. They did so, arguing that Plaintiff's request for injunctive relief was moot in light of his transfer from the City's custody. *See* Dkt. 34.

On March 10, 2015, the Court issued an Order directing Plaintiff to advise it whether he wished to continue prosecuting this action in light of Defendants' arguments concerning the apparent mootness of his case. *See* Dkt. 35. Plaintiff submitted a letter to the Court dated March 23, 2015 stating his desire to continue prosecuting this action "cause the defendants has not done anything to help the plaintiff ... [even though] the Plaintiff Charles Tonge has a medical injury that need to be taken care of A.S.A.P." Pl.'s Letter dated March 25, 2015 ("Pl.'s Letter") at 1–2, Dkt. 36. He added that although "the defendant want the plaintiff to file another grievance ... I did all that stuff [in August 2013] ... an[d] still never got anything done." *Id.* at 2–3. Finally,

3

Plaintiff added that he "will accept nothing more or less than $5,000 each an[d] will dismiss everything." *Id.* at 3.

## LEGAL STANDARD

On a Rule 12(b)(6) motion, the Court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in Plaintiff's favor. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Where the plaintiff is *pro se*, his complaint "must be construed liberally with special solicitude and interpreted to raise the strongest claims that it suggests. Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (internal quotation marks and citation omitted).

## DISCUSSION

A.  Overview

The Court construes the Complaint as alleging that Defendants intentionally delayed or deprived him of necessary medical care to treat his leg condition, and that this deprivation constitutes a deliberate indifference to his serious medical needs in violation of the Eighth Amendment. As the only Defendants are a municipality (the City) and a private entity performing a municipal function (Corizon), the Court construes Plaintiff's complaint as seeking recovery under a theory of municipal liability pursuant to *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978).

4

*See Bess v. City of New York*, No. 11-CV-7604 (TPG), 2013 WL 1164919, at *2 (S.D.N.Y. Mar. 19, 2013) ("In providing medical care in prisons, Corizon performs a role traditionally within the exclusive prerogative of the state and therefore, in this context, is the functional equivalent of the municipality.").

The Court also notes at the outset that Plaintiff's request for injunctive relief—to the extent he seeks to maintain such a claim—cannot succeed in light of the fact that he is no longer in the City's custody and no longer under Corizon's care. "It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility." *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996). "On the other hand, the transfer does not moot an action for damages." *Id.* Because Plaintiff has expressed an intention to seek compensatory damages, as clarified in his letter of March 23, 2015, the Court thus proceeds to analyze the viability of such a claim.

### B.   Plaintiff Has Failed to Adequately Plead a Claim of Municipal Liability

A municipality may only be held liable under 42 U.S.C. § 1983 where a constitutional deprivation is inflicted pursuant to an "official policy ... [or] governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 691. A claim for municipal liability under § 1983 thus requires a plaintiff to "plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (*quoting Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)). "To establish municipal liability under § 1983, a plaintiff must do more than simply state that a municipal policy or custom exists." *Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y.

2012). "Rather, a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." *Id.*

Here, accepting Plaintiff's factual allegations as true and liberally construing his pleadings, Plaintiff's claim nonetheless fails because he has not described, identified, or even suggested the existence of an official policy or custom that led to any constitutional injury. Rather, Plaintiff merely alleges that "[q]uite a few corrections officers know about [his] situation," Compl. § III.D, and "someone [didn't] do their job," Pl.'s Letter at 3. His complaint otherwise contains no factual allegations that a municipal employee was acting pursuant to any sort of official policy or custom concerning the denial of medical treatment. "Although there is no heightened pleading requirement for complaints alleging municipal liability under § 1983," *Kucharczyk v. Westchester Cnty.*, No. 14-CV-601 KMK, 2015 WL 1379893, at *6 (S.D.N.Y. Mar. 26, 2015), Plaintiff must nonetheless provide some facts capable of supporting the existence of such a policy or custom. Because his pleadings fail to do so, they are inadequate to support an action against the City or Corizon under § 1983.

## C.     The Court Declines Supplemental Jurisdiction Over State Law Claims

To the extent Plaintiff's claims can be construed as raising state tort law claims, the Court exercises its discretion to decline supplemental jurisdiction over such claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction"); *see also Matican v. City of New York*, 524 F.3d 151, 154–55 (2d Cir. 2008) ("[I]f [a plaintiff] has no valid claim under § 1983 against any defendant, it is within the district court's discretion to decline to

exercise supplemental jurisdiction over the pendent state-law claims."). Accordingly, any such claims are dismissed without prejudice.

## D. Opportunity to Amend and Pursuit of New Action

Plaintiff will be granted one opportunity to amend his Complaint to address the specific deficiencies noted in this Opinion. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (alteration and internal quotation marks omitted). If Plaintiff has a good faith basis to amend his Complaint, either to remedy the deficiencies noted here or to add individual officers as defendants, he must do so no later than July 24, 2015. Plaintiff is cautioned, however, that if he chooses to file an Amended Complaint but fails to allege the necessary factual predicates for his claims, his action will be dismissed with prejudice and he will be barred from refiling it.

As noted above, Plaintiff cannot maintain an action for injunctive relief against the City and Corizon because he has been transferred to State custody. If he believes that the quality of medical care he is receiving in State custody violates his rights, he is entitled to file a new action pursuant to 42 U.S.C. § 1983 in the appropriate federal district court. Plaintiff should be mindful, however, of his obligation under the Prison Litigation Reform Act, 42 U.S.C. § 1997e, to exhaust all grievance procedures available to him prior to pursuing an § 1983 action.

## CONCLUSION

Although the Court is sympathetic to the difficulties faced by Plaintiff, for the foregoing reasons, Defendants' motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) is GRANTED and this action is dismissed without prejudice to filing an Amended Complaint by July

24, 2015. If no Amended Complaint is filed by that date, this dismissal will become final. The Clerk of Court is respectfully directed to close the motion pending at Dkt. 24.

SO ORDERED.

Dated:   June 18, 2015
         New York, New York

Ronnie Abrams
United States District Judge